IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01771-CMA

KEITH SANDERSON,

    Plaintiff,

v.

UNITED STATES CENTER FOR SAFESPORT, INC., a Colorado nonprofit corporation,
UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE, a District of Columbia Corporation, and
USA SHOOTING, INC., a Colorado nonprofit corporation,

    Defendants.

## ORDER DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's *Ex Parte* Emergency Motion for Temporary Restraining Order ("Motion"). (Doc. # 5.) Therein, Plaintiff Keith Sanderson moves the Court for an *ex parte* temporary restraining order and preliminary injunction that enjoins Defendants United States Center for SafeSport, Inc. ("SafeSport"), United States Olympic & Paralympic Committee ("USOPC"), and USA Shooting, Inc. (together, "Defendants") from disqualifying him from Olympic competition in Tokyo, Japan, on August 1–2, 2021. For the following reasons, the Motion is denied to the extent it requests a temporary restraining order and is taken under advisement to the extent it requests a preliminary injunction.

The circumstances justifying the issuance of an *ex parte* temporary restraining order are "extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) ("The stringent restrictions imposed by . . . Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." (footnote omitted))). Fed. R. Civ. P. 65 provides that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney **only if**:

> (A) specific facts in an affidavit or a verified complaint **clearly show** that immediate and irreparable injury, loss, or damage will result to the movant **before the adverse party can be heard in opposition**; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice **and the reasons why it should not be required**.

Fed. R. Civ. P. 65(b)(1) (emphases added).

Upon review of the instant Motion, the Court finds that Plaintiff has failed to demonstrate that an *ex parte* temporary restraining order is warranted. Plaintiff's Motion, including his "Ex Parte Diligence Certificate," fails to provide any reason why notice to Defendants USA Shooting, Inc., and USOPC should not be required.[1] Further, Plaintiff fails to clearly show that immediate and irreparable injury, loss, or damage will result before the adverse parties can be heard in opposition. Therefore, the Motion fails to

---

[1] The Motion indicates that Plaintiff's counsel conferred with counsel for Defendant SafeSport, and SafeSport opposes a temporary restraining order. (Doc. # 5 at 1–2.) However, neither Defendant USA Shooting, Inc., nor Defendant USOPC has received notice of the instant Motion. (*Id.* at 2.)

2

comply with Fed. R. Civ. P. 65(b)(1)(A) and (B). On this basis, the Court denies the portion of the Motion that requests a temporary restraining order and directs an expedited briefing schedule on the portion of the Motion that requests a preliminary injunction.

Accordingly, it is ORDERED as follows:

- Plaintiff's *Ex Parte* Emergency Motion for Temporary Restraining Order (Doc. # 5) is DENIED to the extent it seeks a temporary restraining order and is TAKEN UNDER ADVISEMENT to the extent it seeks a preliminary injunction;

- Plaintiff shall serve Defendants with the Complaint (Doc. # 1), the *Ex Parte* Emergency Motion for Temporary Restraining Order (Doc. # 5), and a copy of this Order, in compliance with the Federal Rules of Civil Procedure, by July 7, 2021, and shall file a certificate of service confirming his compliance with this directive by no later than July 8, 2021, at 3 p.m.;

- Defendants shall respond to the portion of the *Ex Parte* Emergency Motion for Temporary Restraining Order that requests a preliminary injunction by no later than July 14, 2021; and

- Upon receipt of Defendants' response brief(s), the Court will consider whether a hearing on the Motion is necessary.

DATED: June 30, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge