**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 21-cv-01771-CMA

KEITH SANDERSON,

      Plaintiff,

v.

UNITED STATES CENTER FOR SAFESPORT, INC., a Colorado nonprofit corporation,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S**
**EMERGENCY MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff's Emergency Motion for Reconsideration (Doc. # 14), wherein Plaintiff Keith Sanderson requests that the Court reconsider its July 6, 2021 Order Denying as Moot Plaintiff's Emergency Motion for Temporary Restraining Order and first Emergency Motion for Reconsideration ("July 6, 2021 Order"). For the following reasons, the Motion is granted in part and denied in part.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is

not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

On July 6, 2021, this Court denied Plaintiff's Emergency Motion for Temporary Restraining Order ("TRO Motion") (Doc. # 5) and Emergency Motion for Reconsideration (Doc. # 10) because Plaintiff indicated to the Court that the injunctive relief he sought in both his Motion for Reconsideration and his TRO Motion was no longer available. *See* (Doc. # 12). In the instant Motion for Reconsideration, Plaintiff argues that the Court should reconsider its July 6, 2021 Order and evaluate Plaintiff's TRO Motion on the merits based on receipt of new information previously unavailable at the time of filing his TRO Motion—i.e., counsel for former Defendant United States Olympic & Paralympic Committee ("USOPC") reports there is a process whereby the final roster of athletes for the 2021 Olympics may be amended, after the July 5, 2021 deadline, under extenuating circumstances.

The Court grants Plaintiff's request for reconsideration to the extent he moves the Court to consider his request for a **preliminary injunction** on the merits. However, the Court will not reconsider its June 30, 2021 Order denying Plaintiff's request for an *ex parte* temporary restraining order ("TRO"). As the Court has previously explained, the circumstances justifying the issuance of an *ex parte* TRO are "extremely limited." *See* (Doc. # 7 at 2) (quoting *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). Indeed, "[t]he stringent restrictions imposed by . . . Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice

and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). Although Plaintiff dismissed former Defendants USOPC and USA Shooting, Inc., from this action following the Court's June 30, 2021 Order, the Court still finds that this case is not appropriate for immediate *ex parte* relief because Plaintiff's various motions demonstrate that counsel for Defendant United States Center for SafeSport, Inc. ("SafeSport") is aware of the dispute and Plaintiff's intent to seek injunctive relief requested in the TRO Motion. *See Engility Corp. v. Daniels*, 2016 WL 8358509, at *2 (D. Colo. Oct. 25, 2016).

Accordingly, it is ORDERED as follows:

- Plaintiff's Emergency Motion for Reconsideration (Doc. # 14) is GRANTED to the extent it seeks reconsideration of the portion of this Court's July 6, 2021 Order that denied as moot Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. # 5). Therefore, pursuant to this Court's June 30, 2021 Order, Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. # 5) remains DENIED to the extent it seeks a TRO and remains TAKEN UNDER ADVISEMENT to the extent it seeks a preliminary injunction. Plaintiff's Emergency Motion for Reconsideration (Doc. # 14) is DENIED in all other respects;

- Plaintiff shall send or deliver a copy of the Second Amended Complaint (Doc. # 13), his Emergency Motion for Temporary Restraining Order (Doc. # 5), his Emergency Motion for Reconsideration (Doc. # 14), and this Order, to counsel for

Defendant SafeSport by any means (including multiple means, if appropriate) reasonably calculated to reach counsel for SafeSport by **July 20, 2021 at 5:00 p.m.** Plaintiff shall file a Certificate of Service confirming his compliance with this directive by no later than this same date and time;

- Counsel for Defendant SafeSport shall enter an appearance in this case by **July 21, 2021 at 5:00 p.m.**;

- Defendant SafeSport shall respond to the portion of the *Ex Parte* Emergency Motion for Temporary Restraining Order that requests a preliminary injunction by no later than **July 23, 2021, at 11:59 p.m.** In addition to discussing whether Plaintiff is entitled to a preliminary injunction under the relevant factors, Defendant is directed to discuss whether, following Plaintiff's dismissal of former Defendants USPOC and USA Shooting, Inc., Plaintiff has joined the necessary parties to this case for the injunctive relief he requests; and

- Upon receipt of Defendant's response brief, the Court will consider whether a hearing on the Emergency Motion for Temporary Restraining Order is necessary.

DATED:  July 19, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

4