IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1771-CMA

KEITH SANDERSON,

    Plaintiff,

v.

UNITED STATES CENTER FOR SAFESPORT, INC.,

    Defendant.

_____

**DEFENDANT UNITED STATES CENTER FOR SAFESPORT'S UNOPPOSED MOTION TO RESTRICT ECF DOCUMENT NUMBER 20**
_____

Defendant United States Center for SafeSport (the Center) respectfully moves to restrict ECF Document 20 (which is Exhibit B to the Center's Response in Opposition to Plaintiff's Motion for a Preliminary Injunction, ECF No. 19) and any order revealing the contents of that document. The Center conferred with counsel for Plaintiff, who indicated that he does not oppose this motion.

The Center requests a "Level 1" restriction. Under D.C.COLO.L.Civ.R 7.2(b), "Level 1" restriction would make the document and any order revealing the contents of that document accessible only to the parties and the Court.

Restricting the above-named filing is necessary because the document, the Notice of Decision relating to Keith Sanderson, is the Center's reasoned decision in a confidential SafeSport sexual misconduct investigation. Under federal law, the Center's decisions

"shall be confidential" and are broadly protected from disclosure to non-parties. *See* 36 U.S.C. § 220541(f)(4)(c)(i). In addition, the Center has an obligation to "protect the privacy and safety of complainants." 36 U.S.C. § 220541(a)(1)(E). Furthermore, the SafeSport Code for the Olympic and Paralympic Movement promises respondents, claimants, and other participants in the process certain levels of confidentiality, including that the Center's decisions and other investigative material will remain confidential and not be publicly disclosed. *See* ECF 19-2 at 26-27.

Public disclosure of this Notice of Decision could reveal the identity of the claimant in this investigation, as well as information that was provided to the Center on the basis of certain confidentiality protections contained in federal law and the SafeSport Code. In addition, public disclosure of this reasoned decision could undermine the willingness of individuals in the future to report abuse and misconduct, provide evidence to the Center, or otherwise participate in the Center's processes.

For these reasons, restriction of the document at restriction "Level 1"—as opposed to redaction or summarization—is the only practicable way of protecting the reasoned decision. Redactions or summarization are insufficient here because the plaintiff, Keith Sanderson, is challenging the Center's processes and procedures that resulted in this reasoned decision. In addition, summarization of the facts contained within would not resolve the confidentiality concerns identified above.

The Center thus requests that the Court restrict ECF No. 20 to Level 1.

DATED:  July 23, 2021
        Denver, Colorado

        Respectfully submitted,

        *s/ Ryan Lipes*
        Ryan Lipes, No. 53514
        Zonies Law, LLC
        1700 Lincoln Street, Suite 2400
        Denver, Colorado 80203
        (720) 464-5300
        rlipes@zonieslaw.com

        *Counsel for defendant United States Center for SafeSport*

## Certificate of Service

I hereby certify that on July 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on counsel for all parties of record in this case.

*s/ Ryan Lipes*
Ryan Lipes
